```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSE L. FERRER,                                           :
                                                          :
                           Plaintiff,                     :
                                                          :
              -against-                                   :     SUMMARY ORDER OF REMAND
                                                          :     17-CV-3898 (DLI) (JO)
NEW ENGLAND MOTOR FREIGHT, INC. and                       :
"JOHN DOE",                                               :
                                                          :
                           Defendants.                    :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On June 29, 2017, defendant New England Motor Freight, Inc. ("Defendant"), filed a Notice of Removal to remove this action from the Supreme Court for the State of New York, Queens County, to this Court. *See* Not. of Removal by Def. ("Not. of Rem."), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On February 11, 2017, plaintiff Jose L. Ferrer ("Plaintiff") commenced this action in state court alleging that he was injured in the course of his employment at 154-09 146th Avenue, Queens, New York. *See* Verified Complaint ("Ver. Compl."), Dkt. Entry No. 1-1. Plaintiff claims that on May 12, 2016, while standing in the rear cargo area of a vehicle owned by Defendant, an unknown driver suddenly pulled the vehicle away. *Id.* at ¶¶ 1-17. As a result of the sudden motion, Plaintiff "was damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *Id.* at ¶ 23.

On June 29, 2017, Defendant removed the case to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. *See* Not. of Rem. at ¶ 1. Defendant asserts that it is a citizen of New Jersey and that Plaintiff is a citizen of

New York. *Id*. at ¶¶ 4-5. As to the amount in controversy, while the Verified Complaint does not state an amount of damages, Defendant contends that the information contained in the Verified Bill of Particulars permits the inference that the damages claimed by Plaintiff surpass the federal diversity jurisdictional threshold. *Id*. at ¶¶ 6-8. In that document, Plaintiff states that he "has sustained economic loss in excess of basic economic loss in that [he] has, or will in the future, incur medical, hospital and other necessary expenses that have or will exceed Fifty Thousand Dollars ($50,000.00)." Ver. Bill of Parts. ("BOP"), Dkt. Entry No. 1-3 at ¶ 23. Neither the Notice of Removal, the Verified Complaint, nor the Verified Bill of Particulars contain any substantive allegations establishing the amount in controversy. Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This statute authorizes a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth*., 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (internal citations omitted).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds

2

the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp. 3d 149, 156 (E.D.N.Y. 2016) (quoting *Lupo*, 28 F.3d at 274).

To establish the amount in controversy, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of" $75,000. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Here, Defendant fails to meet its burden because it relies solely on Plaintiff's conclusory assertions in the Verified Bill of Particulars that he suffered injuries, an infection that "may require future surgery," and was confined to a hospital and nursing rehabilitation center from May 12, 2016 to July 1, 2016. *Compare* BOP at ¶¶ 8, 23, *with* Not. of Rem. at ¶¶ 6-7. Notably, Plaintiff states that, aside from the impact of the "serious injury" he suffered, he only can indicate that he "has, or will in the future, incur medical, hospital[,] and other necessary expenses that have or will exceed Fifty Thousand Dollars." BOP at ¶ 23.

Defendant cannot meet its burden by relying on the face of the Verified Bill of Particulars, as it merely alleges that Plaintiff's economic damages either are, or will be, in excess of fifty-thousand dollars. *Id*. Indeed, the Verified Bill of Particulars does not offer any substantive insight into the nature and extent of Plaintiff's injuries, and the Court is left to guess at the ultimate amount in controversy based on boilerplate allegations that, as a result of the alleged accident:

> Plaintiff sustained a serious injury . . . in that he sustained a fracture and an injury which has resulted in a permanent loss of use of a body organ, member, function or system; a permanent consequential limitation of use of a body organ or member; a significant limitation of use of a body function or system; and a medically determined injury of impairment of a non-permanent nature which prevented him

3

> from performing substantially all of the material acts which constituted him [sic] usual and customary daily activities . . . .

BOP at ¶ 23. Beyond this, while Plaintiff seemingly presents an itemized list of damages for medical expenses, each entry is generally labeled "to be provided." *See Id*. at ¶¶ 15(A)-(J). Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Keenan v. Macy's, Inc.*, No. 10-CV-4672 (HB), 2010 WL 3167731, at *2 (S.D.N.Y. Aug. 9, 2010) (finding that a Bill of Particulars describing injuries but failing to explicitly state that damages exceed the jurisdictional amount fails to provide the basis for removal). As Defendant has failed to meet its burden, the Court lacks subject matter jurisdiction over this case.

The Court notes that Defendant attempted to avail itself of N.Y. C.P.L.R. § 3017(c), but it failed to do so properly. Defendant served Plaintiff with a Demand for a Statement of Damages ("Demand") pursuant to § 3017(c) on March 16, 2017. *See* Demand for Statement of Damages ("Dem."), Dkt. Entry No. 1-4. As of the filing of the Notice of Removal, Plaintiff had not responded. Not. of Rem. at ¶ 8 n.2. Under § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems [her]self entitled." If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id*. Accordingly, rather than prematurely removing the action to this Court, Defendant should have moved the state court for an order directing Plaintiff to respond to a demand for total damages. *Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own

jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Consequently, the Court finds, that based upon the information contained in the Verified Complaint, Verified Bill of Particulars, and Notice or Removal, Defendant has failed to show that a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 701993/2017.

SO ORDERED.

Dated: Brooklyn, New York
       July 24, 2017

                                               /s/
                                        DORA L. IRIZARRY
                                           Chief Judge